

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2006

# Rasjid v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4039

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Rasjid v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1073.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1073

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-4039

BAKRI RASJID; OLIVIA HERDIJONO

Petitioners

v.

*ALBERTO R. GONZALES, ATTORNEY GENERAL
OF THE UNITED STATES

Respondent

*(Amended pursuant the F.R.A.P. 43(c))

Petition for Review from a Final Order
of the Board of Immigration Appeals
(File Nos. A79-305-042, A79-305-043)

Submitted pursuant to Third Circuit LAR 34.1(a)
March 27, 2006

Before: McKEE, VAN ANTWERPEN, Circuit Judges
and POLLAK, Senior District Judge[*]

OPINION

McKEE, Circuit Judge.

---

[*]The Honorable Louis H. Pollack, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Bakri Rasjid and Olivia Herdjijono, husband and wife, petition for review of the Board of Immigration Appeals' affirmance of the Immigration Judge's denial of their applications for asylum, withholding of removal and protection under the Convention Against Torture (the "CAT").[1] For the reasons that follow, we will affirm the BIA and dismiss the Petition for Review.

## I.

Inasmuch as we are writing primarily for the parties who are familiar with this matter, we need not reiterate the factual or procedural background of this appeal except insofar as may be helpful to our brief discussion.

Herdjijono entered the United States on December 14, 1998, but she did not file her application for asylum until December 12, 2001. Rasjid entered the United States on May 14, 1999, but did not file his application until April 30, 2001. The Immigration Judge dimissed Petitioners' asylum applications because they were not filed within one year of arrival in the United States and Petitioners failed to show exceptional circumstances that would excuse the untimeliness. The IJ also denied Petitoners' claims for withholding of removal and relief under the CAT. The Board of Immigration Appeals affirmed without opinion pursuant to 8 C.F.R. § 3.1(a)(7).

## II.

[1]Rasjid was the derivative beneficiary of Herdjijono's asylum application. Adm. Rec. 72.

An alien must submit an application for asylum within one year of entry into the United States absent "extraordinary circumstances" or an intervening change in country conditions. 8 U.S.C. § 1158(a)(2)(D). Petitioners claim that exceptional circumstances excuse the late filing of the asylum applications. However, we have no jurisdiction to review the IJ's conclusion to the contrary given the jurisdictional bar contained in 8 U.S.C. § 1158(a)(3). Accordingly, the IJ's dismissal of the asylum applications must stand.

Although the jurisdictional bar does not apply to Petitioners' claims for relief from withholding of removal or relief under the CAT, neither claim is raised as an issue in the Petitioners' brief on appeal. Rather, Petitioners only ask us to determine "whether there was an exceptional circumstance that justified the late filing of [their] . . . applications for asylum," and "whether [they] demonstrated their inability or unwillingness to return to Indonesia . . . such that the Immigration Judge should have granted their applications for asylum on their merits." Petitioners' Br. at 3

However, because of the aforementioned jurisdictional limitation, we have no jurisdiction to review the asylum issues they are attempting to raise on appeal. "[T]he language of 8 U.S.C. § 1158(a)(3) clearly deprives us of jurisdiction to review an IJ's determination that an asylum petition was not filed within the one year limitations period, and that such period was not tolled by extraordinary circumstances." *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003).

## III.

Accordingly, we must dismiss the Petition for Review as we have no jurisdiction to address the only claim Petitioners raise in their brief. [2]

---

[2] Since they are not raised in their brief, the withholding of removal and CAT claims are waived or abandoned. *See Ghana v. Hollland*, 226 F.3d 175, 180 (3d Cir. 2000), *see also* FRAP 28(a)(5). Local Appellate Rule 28.1(a) requires appellants to set forth the issues raised on appeal and to present an argument in support of those issues in the opening brief. *See Kost v. Kozakiewicz*, 1 F.3d 76, 182 (3d Cir. 1993) ("It is well settled that if an appellant fails to comply with these requirements on a particular issue, [appellant]. . . normally has abandoned and waived that issue on appeal.").

The IJ denied all relief after finding that the testimony Petitioners offered at their removal hearing was not credible. Alternatively, he ruled that, even if their testimony had been credible, it would not have established a claim for withholding of removal or relief under the CAT. Although we have no jurisdiction to review the only claim before us, we note our agreement with the IJ's conclusion that Petitioners' testimony regarding their mistreatment in Indonesia would not have established eligibility for relief from removal even if that testimony had been accepted as credible.